## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VENATOR MATERIALS PLC, *et al.*,[1] | ) Case No. 23-90301 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## **Chapter 11 Fee Application Summary**

| | |
|---|---|
| **Name of Applicant:** | Jackson Walker LLP |
| **Applicant's Role in Case:** | Co-Counsel and Conflicts Counsel to Debtors and Debtors in Possession |
| **Docket No. of Employment Order(s):** | Docket No. 415 |
| **Interim Application ( )** <br> **Final Application   (X)** | First and Final |

| | **Beginning Date** | **End Date** |
|---|---|---|
| | 5/14/2023 | 7/25/2023 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?** | Yes | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?** | Yes | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases?** | Yes | |
| **Do expense reimbursements represent actual and necessary expenses incurred?** | Yes | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| **Total professional fees requested in this Application:** | $122,416.50 | |
| **Total professional hours covered by this Application:** | 164.9 | |
| **Average hourly rate for professionals:** | $742.37 | |
| **Total paraprofessional fees requested in this Application:** | $7,381.00 | |
| **Total paraprofessional hours covered by this Application:** | 30.3 | |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/Venator.  The Debtors' service address in these chapter 11 cases is:  Hanzard Drive, Titanium House, Stockton on Tees, Wynyard Park, TS22 5FD, United Kingdom.

| | |
|---|---|
| **Average hourly rate for paraprofessionals:** | $243.60 |
| **Total fees requested in this Application:** | $129,797.50 |
| **Total expense reimbursements requested in this Application:** | $6,009.18 |
| **Total fees and expenses requested in this Application:** | $135,806.68 |
| **Total fees and expenses awarded in all prior Applications:** | N/A |

**Plan Status:**  On July 25, 2023, the Court entered its *Order (I) Approving the Debtors' Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Venator Materials PLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Confirming the Joint Prepackaged Plan of Reorganization of Venator Materials PLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Further Technical Modifications) and (III) Granting Related Relief* (the "Confirmation Order") [Docket No. 344].

**Primary Benefits:**  As local and co-counsel, JW assisted the Debtors in prosecuting and obtaining approval of debtor-in-possession financing and confirmation of the Plan through, among other things, providing legal advice and services regarding local rules and practices, including in particular, applicable Fifth Circuit law, interfacing with the U.S. Trustee, providing certain services related to the administration of these cases, and providing legal advice and services on matters as needed, based on specialization.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| VENATOR MATERIALS PLC, *et al.*,[1] | Case No. 23-90301 (DRJ) |
| Debtors. | (Jointly Administered) |

**JACKSON WALKER LLP'S FIRST AND FINAL FEE
APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES
AND EXPENSES AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE
DEBTORS FOR THE PERIOD FROM MAY 14, 2023 THROUGH JULY 25, 2023**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Jackson Walker LLP ("JW" or the "Firm"), co-counsel and conflicts counsel to the above-captioned debtors (collectively, the "Debtors,"), files this its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period From May 14, 2023 Through July 25, 2023* (the "Application") for allowance of compensation for professional services provided in the total amount of $129,797.50 and reimbursement of actual and necessary expenses in the total amount of $6,009.18 that JW incurred for the period from May 14, 2023 through July 25, 2023 (the "Application Period"). In support of this Application, JW states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/Venator. The Debtors' service address in these chapter 11 cases is: Hanzard Drive, Titanium House, Stockton on Tees, Wynyard Park, TS22 5FD, United Kingdom.

3

## I.      JURISDICTION

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors consent to the entry of a final order on this Application.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are §§ 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## II.      RELIEF REQUESTED

4.      JW requests that the Court enter an order allowing on a final basis JW's compensation for professional services rendered during the Application Period in the total amount of $129,797.50 and reimbursement of actual and necessary expenses incurred by JW in the total amount of $6,009.18.

## III.      PROCEDURAL BACKGROUND

5.      On May 14, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On May 15, 2023, the Court ordered these cases to be jointly administered [Docket No. 47].

6.      A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration of Kurt Ogden, Chief Financial Officer of Venator Materials PLC, in Support of the Chapter 11 Petitions and First Day Motions* ("First Day Declaration") [Docket No. 25].

## IV.   THE DEBTORS' RETENTION OF JW

7.      On July 11, 2023, the Debtors filed the *Application to Retain and Employ Jackson Walker LLP as Co-Counsel and Conflicts Counsel* [Docket No. 227] (the "Retention Application").

8.      On August 8, 2023, the Court entered its *Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts* [Docket No. 415] ("Retention Order").  A copy of the Retention Order is attached as **Exhibit 1**.

9.      JW performed the services for which it seeks compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

10.      Except as set forth in the Retention Application regarding payments paid to JW prior to the Petition Date, JW has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

11.      Pursuant to Bankruptcy Rule 2016(b), JW has not shared, nor has JW agreed to share, (a) compensation it has received or may receive with any other party or person other than the partners, counsel, and associates of JW or (b) any compensation another person or party has received or may receive.

## V.   CASE SUMMARY

12.      During the Application Period, JW assisted the Debtors with the prosecution of their bankruptcy cases in this Court.  JW expended time and effort as co-counsel and conflicts counsel to the Debtors in these proceedings.  JW provided legal advice and services regarding numerous issues in the Debtors' cases, including:

(a)      providing legal advice and services regarding local rules, practices, and procedures, including Fifth Circuit law;

(b)     providing certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices and exhibits, and coordinating hearings;

(c)     reviewing and commenting on proposed drafts of pleadings to align with local practice;

(d)     appearing in Court proceedings;

(e)     performing all other services assigned by the Debtors to the Firm as co-counsel and conflicts counsel; and

(f)     providing legal advice and services on any matter that Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E") may have a conflict with respect to the Debtors, if any, or as needed based on specialization.

## VI.     TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

13.     The terms and conditions of JW's employment and compensation to be paid to JW by the Debtors are specifically outlined in the Retention Application.  Post-petition compensation is paid to JW from the Debtors' estates.

## VII.     PROFESSIONAL SERVICES PROVIDED BY JW TO THE DEBTORS

14.     During the Application Period, JW provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  Among other things, JW assisted the Debtors in (a) providing legal advice concerning local rules, practices, and procedures relevant to numerous facets of their cases; (b) assisting with the administration of these cases; and (c) reviewing and providing comments on drafts of pleadings or other documents prepared for filing with the Court.

15.     The following is a summary, by matter category, of the significant professional services JW rendered during this Application Period.

(a)     **B110 - Case Administration:  Fees: $20,502.50; Hours: 32.0.**  These fees include all services that JW rendered, which deal with general administration of the case and may also include matters that are not readily classifiable into other more specific matters.  The time that

6

JW expended includes telephonic conferences with the Debtors' co-counsel, the United States Trustee, and parties-in-interest, scheduling-related communications with the Court's staff, finalizing and filing witness and exhibit lists, handling first and second day administrative matters, obtaining hearing transcripts, preparing for and attending hearings, and addressing other administrative issues.

(b)      **B115 – Reporting**: **Fees: $7,386.00; Hours 10.0**.   These fees include accounting or reporting requirements, monthly operating reports, and schedules and statement of financial affairs.  These fees also include services related to corresponding with the United States Trustee regarding related matters.

(c)      **B140 – Relief from Stay and Adequate Protection**: **Fees: $69.50; Hours 0.1**.  These fees include matters pertaining to sales, leases, abandonment and related transaction work related to asset disposition.

(d)      **B150 – Meetings and Communications with Creditors**:   **Fees: $4,096.00; Hours: 5.2**.  These fees pertain to preparation and attendance at section 341 meetings and any other meetings with creditors and creditors' committees, in addition to general communications with creditors.

(e)      **B160 - Fee/Employment Applications**:   **Fees: $31,858.50; Hours: 51.1**. These fees include providing services related to ensuring the retention of the Debtors' professionals in these chapter 11 cases.  Specifically, JW spent time reviewing and revising the Debtors' professionals' retention applications, particularly with regard to local requirements.

(f)      **B210 – Business Operations**:   **Fees: $2,585.50; Hours: 3.7**.  These fees include advising the Debtors and other professionals regarding issues and tasks arising from operating in chapter 11.

7

(g)      **B220 – Employee Benefits and Pensions**: **Fees: $1,460.00; Hours: 2.2**. These fees include review and preparation related to employee and retiree benefit issues, including compensation, bonuses, severance, insurance benefits, and 401K pensions, or other retirement plans.

(h)      **B230 – Financing and Cash Collateral**: **Fees: $6,530.50; Hours: 8.5**. These fees include matters under section 364 including debtor-in-possession financing and cash collateral.

(i)      **B320 - Plan and Disclosure Statement**: **Fees: $55,309.00; Hours: 82.4**. These fees pertain to reviewing and commenting on the proposed chapter 11 plan to align with local practice and applicable Fifth Circuit law, analysis of confirmation issues, and attendance at and preparation for the hearing to confirm the Debtors' proposed plan.

## VIII.   COMPENSATION REQUESTED

16.      JW seeks approval of $129,797.50 in fees and $6,009.18 in expenses.  In support of this Application, JW submits its detailed time entries, attached hereto as **Exhibit 2**, which provide a detailed record of fees as co-counsel and conflicts counsel for the Application Period. **Exhibit 3** hereto is a chart reflecting the summary of expenses for the Application Period, **Exhibit 4** is the chart reflecting customary and comparable compensation disclosures with fee applications, **Exhibit 5** is a chart summarizing the timekeepers included in this Application, and **Exhibit 6** is a chart with a summary of compensation requested by project category.  The blended rate for all JW timekeepers in this Application is $664.95.

17.      This Application readily meets the standards of section 330 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases.  The Fifth Circuit set forth the contours of the requirements for allowance of compensation under section 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd., (In re*

*Woerner)*, 783 F.3d 266 (5th Cir. 2015). In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the estate, and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered." *Id*. at 273-74. All of the compensation requested in this Application meets the requirements of section 330 as delineated by the Fifth Circuit, and should be approved.

18.     JW provided necessary and beneficial services to the Debtors through assisting the Debtors in a multitude of ways. The time that JW spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with JW's role as co-counsel and conflicts counsel, and to maximize the dividend to creditors, in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

**A.      The Time and Labor Required.**

19.     The amount of time spent by JW professionals and paraprofessionals on this case for the Application Period is 195.2 hours.

**B.      The Novelty and Difficulty of the Questions Presented by the Case.**

20.     This case has presented unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law.

**C.      The Skill Requisite to Perform the Legal Services Properly.**

21.     JW possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules.

---

[2]  See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

**D.**     **The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.**

22.     Attorneys at JW were necessarily precluded from employment on other cases by the size and exigency of this case.  This case moved at an expedient pace requiring quick attention and open availability from JW attorneys.

**E.**     **The Customary Fee for Similar Work in the Community.**

23.     The fees that JW charged compare favorably with fees charged by other counsel in similar cases in this jurisdiction.  JW sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.  In addition, JW employs associates and legal assistants on this case in lieu of a single attorney, resulting in a blended rate of $664.95 per hour.  JW's blended rate compares favorably with hourly rates charged by local practitioners.  For the convenience of the Court and all parties in interest, **Exhibit 4** is the chart reflecting customary and comparable compensation disclosures.

**F.**     **Whether the Fees are Fixed or Contingent.**

24.     JW attorneys in this case do not charge fixed or contingent fees.

**G.**     **Time Pressures Imposed by the Client or Circumstances.**

25.     The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

**H.**     **The Amount Involved and Results Obtained as a Result of the Attorney Services.**

26.     As a result of JW's services, strategy, and efficiency as co-counsel and conflicts counsel, the Debtors have completed their bankruptcy cases.  During the Application Period, with the assistance of JW as co-counsel, working in concert with K&E, the Debtors made a smooth transition into Chapter 11, negotiated a resolution of significant litigation with a key constituency, and obtained quick confirmation of the Debtors' plan of reorganization.

I.     **The Experience, Reputation, and Ability of the Attorneys.**

27.     The JW attorneys involved in the work on behalf of the Debtors represent years of combined experience in the particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in these cases.  The JW attorneys bring extensive experience in bankruptcy issues to the Debtors' bankruptcy cases, and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

J.     **The Undesirability of the Cases.**

28.     Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs.  These cases presented no additional undesirable elements.

K.     **The Nature and Length of the Professional Relationship with the Client.**

29.     JW's business relationship with the Debtors began on April 29, 2023, the date of the Engagement Letter between JW and the Debtors.

L.     **Awards in Similar Cases.**

30.     The fees requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

31.     In conclusion, the services that JW provided in these cases have been necessary to the administration of the Debtors' estates in the Application Period and beneficial at the time at which the services were rendered toward the successful prosecution of the Debtors' cases.  Further, JW performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates. Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in bankruptcy cases in the district.  JW requests that the Court

37270116v.2 164693/00001

determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## IX. STATEMENT PURSUANT TO THE U.S. TRUSTEE GUIDELINES

32. JW states as follows:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:  No.

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the Client?

Response:  JW did not submit a budget.

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:  No.

d. Does the fee application include time or fees related to reviewing or revising time records or preparing and editing billing records that would not be compensable outside of bankruptcy (except for reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

Response:  No.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:  No.

f. If the fee application includes any rate increase since retention:

(i) Did your client review and approve those rate increases in advance?

Response: N/A.

(ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modify rates or terms in order to have you continue the representation, consistent with ABA Formal ethics Opinion 11-458?

Response:  Yes.

## CONCLUSION

JW requests that this Court enter an order (a) granting final allowance and payment of compensation for professional services rendered during the Application Period in the amount of $129,797.50, and reimbursement of actual and necessary expenses incurred by Jackson Walker LLP during the Application Period in the amount of $6,009.18, (b) authorizing the Reorganized Debtors to pay the fees and expenses as requested, and (c) granting such other and further relief as is just and proper.

37270116v.2 164693/00001

Dated: September 22, 2023

/s/ *Jennifer F. Wertz*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Victoria N. Argeroplos (TX Bar No. 24105799)
Beau H. Butler (TX Bar No. 24132535)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:       (713) 752-4200
Facsimile:       (713) 752-4221
Email:  mcavenaugh@jw.com
Email:  jwertz@jw.com
Email:  vargeroplos@jw.com
Email:  bbutler@jw.com

*Co-Counsel to the Debtors and Debtors-in-Possession*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2023, a copy of the foregoing was served via the Court's ECF system upon all parties receiving notice through same.

/s/ *Jennifer F. Wertz*
Jennifer F. Wertz

15

**<u>EXHIBIT 1</u>**

**Retention Order**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VENATOR MATERIALS PLC, *et al.*,[1] | ) | Case No. 23-90301 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 227** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS COUNSEL

The Court, having considered the Application to Retain Jackson Walker LLP (the "Firm")

as Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession

(the "Application") pursuant to 11 U.S.C. §§ 327(a) and 330, filed by the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors"), is of the opinion that the requested relief

is in the best interest of the estates and their creditors; that the Firm represents no interest adverse

to the estates in the matters upon which it is to be engaged and are disinterested persons within the

definition of 11 U.S.C. § 101(14); and that the Application should be approved. It is therefore

ORDERED THAT:

1.      The Debtors are authorized to retain and employ the Firm as co-counsel and

conflicts counsel effective as of the Petition Date upon the terms and conditions set forth in the

Application and the Engagement Letter, as modified herein.

2.      The Firm shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at http://dm.epiq11.com/Venator. The Debtors' service address in these chapter 11
cases is: Hanzard Drive, Titanium House, Stockton on Tees, Wynyard Park, TS22 5FD, United Kingdom.

1

Bankruptcy Rules, Bankruptcy Local Rules and any other applicable procedures and orders of the Court. For billing purposes, the Firm shall keep its time in one tenth (1/10) hour increments. The Firm shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these chapter 11 cases.

3.      The Firm will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

4.      The Firm shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by the Firm to provide services to the Debtors, and shall ensure that any such Contractors who are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5.      To the extent the Application, the Engagement Letter, or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern.

6.      Notwithstanding anything to the contrary in the Application, the Firm shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of the Court.

7.      To the extent further increases in rates set forth in the Application occur after entry of this Order, the Firm shall file a notice with the Court and give the Debtors, the U.S. Trustee and counsel to the Committee notice of any increases in the rates set forth in the Application. The notice shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The

2

U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court may review any rate increase pursuant to Bankruptcy Code section 330.

8.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    The Court retains jurisdiction with respect to all matters arising from or related to the enforcement or interpretation of this Order.

**Signed:  August 08, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**Fee Statement**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| **Case Administration:** | | | | |
| 05/14/23 | J. Wertz | 2.8 | 2,240.00 | Final review of first day motions and proposed orders prior to filing same following commencement chapter 11 cases. |
| 05/14/23 | V. Argeroplos | 0.7 | 486.50 | Review petitions for filing. |
| 05/14/23 | V. Argeroplos | 6.4 | 4,448.00 | Revise first day pleadings for filing. |
| 05/14/23 | K. Gradney | 1.5 | 375.00 | Assist with filing petitions. |
| 05/15/23 | J. Wertz | 3.1 | 2,480.00 | Final review and revision for compliance with local rules and customs of first day motions and proposed orders. |
| 05/15/23 | J. Wertz | 0.8 | 640.00 | Correspondence with Epiq concerning plan for service of first day motions (.4); review docket as to entry of joint administration, complex case, and Epiq retention related to same (.4). |
| 05/15/23 | J. Wertz | 0.5 | 400.00 | Coordinate GoToMeeting practice for KE team for first day hearing preparation. |
| 05/15/23 | J. Wertz | 0.3 | 240.00 | Compile first day hearing transcripts before Judge Jones for first day hearing preparation for KE team. |
| 05/15/23 | J. Wertz | 0.3 | 240.00 | Correspondence with FINRA with respect to filing of chapter 11 cases. |
| 05/15/23 | W. Farmer | 1.5 | 802.50 | Review and revise first day pleadings for local rule compliance and accuracy. |
| 05/15/23 | D. Trevino | 0.1 | 24.00 | Review and prepare for filing the first day declaration. |
| 05/15/23 | D. Trevino | 0.8 | 192.00 | Prepare pre-hearing chart for first day pleadings and orders and circulate to chambers. |
| 05/16/23 | J. Wertz | 0.2 | 160.00 | Correspond with Epiq concerning confirmation of service of first day pleadings. |
| 05/16/23 | J. Wertz | 1.0 | 800.00 | Attendance at hearing on first-day matters. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/16/23 | J. Wertz | 0.2 | 160.00 | Correspondence concerning timing of second day hearings. |
| 05/16/23 | J. Wertz | 0.2 | 160.00 | Correspondence concerning first day power point presentation. |
| 05/16/23 | J. Wertz | 0.3 | 240.00 | Coordinate entry of electronic appearances prior to first day hearing. |
| 05/16/23 | V. Argeroplos | 1.2 | 834.00 | Correspondence with Kirkland team regarding remaining pleadings and first day logistics (.3); revise agenda for hearing (.2); revise notice of hearing (.1) and witness and exhibit list (.1); lead GoToMeeting practice session for witnesses (.5). |
| 05/16/23 | V. Argeroplos | 1.9 | 1,320.50 | Revise notice of hearing (.1), witness and exhibit list (.1), and agenda (.2) for filing; correspondence with Kirkland team regarding same (.4); attend first-day hearing (1.1). |
| 05/16/23 | C. Cameron | 1.1 | 588.50 | Attend first day hearing. |
| 05/16/23 | K. Gradney | 1.1 | 275.00 | Attend first day hearing. |
| 05/16/23 | D. Trevino | 1.0 | 240.00 | Attend first day hearing. |
| 05/16/23 | D. Trevino | 0.5 | 120.00 | Compile and prepare for filing various revised first day orders and notice of first day hearing. |
| 05/17/23 | J. Wertz | 0.1 | 80.00 | Correspond with KE team with respect to UST inquiry regarding address. |
| 05/17/23 | V. Argeroplos | 0.1 | 69.50 | Review notice of commencement for filing. |
| 05/18/23 | D. Trevino | 0.8 | 192.00 | Review the first day orders, calculate and docket related deadlines. |
| 05/20/23 | J. Wertz | 0.1 | 80.00 | Correspond with R. Orren concerning first day hearing transcript. |
| 05/25/23 | J. Wertz | 0.2 | 160.00 | Review affidavits of publication of notice of commencement in New York Times. |
| 06/02/23 | J. Wertz | 0.2 | 160.00 | Correspondence with A. Surinak concerning PACER updates for case filings. |
| 06/02/23 | K. Gradney | 0.1 | 25.00 | Correspond with KE team regarding case docket and designation of KE as Debtors' counsel. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/06/23 | J. Wertz | 0.2 | 160.00 | Correspondence with M. Bentley concerning UST contact information. |
| 06/06/23 | J. Wertz | 1.4 | 1,120.00 | Review draft proposed confidentiality agreement and stipulated proposed protective order (1.2); correspond with team with respect to import of same (.2) |
| 06/09/23 | V. Polnick | 0.2 | 150.00 | Confer with chambers regarding hearing settings and docket management. |
| 06/12/23 | J. Wertz | 0.1 | 80.00 | Review entered protective order and update chambers request. |
| 06/12/23 | J. Wertz | 0.2 | 160.00 | Review correspondence re arbitration proceeding from J. Harrison. |
| 06/22/23 | V. Polnick | 0.2 | 150.00 | Confer with chambers regarding hearing settings and docket management. |
| 07/10/23 | V. Polnick | 0.2 | 150.00 | Coordinate with chambers re case settings and docket management. |
| 07/11/23 | V. Polnick | 0.2 | 150.00 | Coordinate with chambers re case settings and docket management |
| 07/21/23 | V. Polnick | 0.2 | 150.00 | Coordinate with chambers re case settings and docket management. |
| Total Case Administration | | 32.0 | $ 20,502.50 | |

**Reporting:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/15/23 | J. Wertz | 0.8 | 640.00 | Correspond with J. Whitworth concerning top 30 unsecured list (.2); correspond with KE concerning same (.2); review draft of list prior to filing same (.4). |
| 05/17/23 | V. Argeroplos | 0.1 | 69.50 | Correspondence with W. Thompson regarding monthly operating reports. |
| 05/23/23 | J. Wertz | 0.5 | 400.00 | Review correspondence from UST with respect to scheduling of IDI (.3); correspond with KE team with respect to same (.2). |
| 05/26/23 | V. Argeroplos | 0.2 | 139.00 | Correspondence with W. Thompson (.1) and H. Duran (.1) regarding monthly operating reports. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/30/23 | J. Wertz | 0.7 | 560.00 | Correspondence with KE team with respect to preparation for IDI and requested materials for same. |
| 05/30/23 | V. Argeroplos | 0.2 | 139.00 | Correspondence with H. Duran (.1) and Kirkland team (.1) regarding MOR requests. |
| 05/31/23 | J. Wertz | 0.9 | 720.00 | Correspondence with H. Duran concerning request for waiver of IDI (.5); correspond with KE team with respect to same (.4). |
| 06/01/23 | J. Wertz | 0.5 | 400.00 | Correspond with N. Krislov concerning IDI materials and questions with respect to retirement plans. |
| 06/02/23 | V. Argeroplos | 0.2 | 139.00 | Phone call with S. Sanders regarding lender professional invoices for reporting to UST (.1) review DIP order on same (.1). |
| 06/07/23 | D. Trevino | 0.2 | 48.00 | Edits to IDI documents. |
| 06/08/23 | J. Wertz | 0.3 | 240.00 | Correspondence with KE team with respect to response to UST correspondence (.2); update to H. Duran with respect to timing of delivery of same (.1). |
| 06/08/23 | J. Wertz | 0.8 | 640.00 | Review IDI diligence materials compiled by KE team (.6); correspond with UST with respect to same (.2). |
| 06/28/23 | J. Wertz | 0.6 | 480.00 | Correspondence concerning agenda for call with H. Duran on open items. |
| 06/28/23 | V. Argeroplos | 0.4 | 278.00 | Conference call with Kirkland team and H. Duran regarding 345(b) and schedules/SOFA filing deadlines. |
| 06/28/23 | L. Butler | 0.5 | 237.50 | Correspond with UST and KE teams regarding 345 discussion (.2); attend conference with UST and KE teams to discuss case status (.3). |
| 07/01/23 | V. Argeroplos | 0.5 | 347.50 | Review UST instructions for MORs (.1); respond to L. Wasserman's questions regarding reporting requirements and MORs due July 31 (.4). |
| 07/06/23 | J. Wertz | 0.7 | 560.00 | Review correspondence related to MOR reporting (.4); telephone conference with L. Wasserman concerning same (.3). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/06/23 | D. Trevino | 0.1 | 24.00 | Review the stipulation of the debtors and Trustee regarding the Schedules and SOFA. |
| 07/07/23 | J. Wertz | 0.2 | 160.00 | Correspondence from L. Wasserman concerning MOR reporting approach. |
| 07/20/23 | V. Argeroplos | 0.5 | 347.50 | Response to L. Wasserman questions re MOR items. |
| 07/21/23 | J. Wertz | 0.5 | 400.00 | Review further stipulation with UST concerning deadline to file schedules and statement of financial affairs prior to filing of same. |
| 07/21/23 | V. Argeroplos | 0.3 | 208.50 | Review scheduling order and stipulations to confirm reporting requirement for schedules/SOFAs and 345(b) compliance (.2); correspondence with Kirkland team regarding same (.1). |
| 07/21/23 | V. Argeroplos | 0.3 | 208.50 | Correspondence with A. Surinak and H. Duran regarding reporting deadlines today (.2); review stipulation extending same (.1). |
| **Total Reporting** | | **10.0** | **$ 7,386.00** | |

**Relief from Stay/Adequate Protection Proceedings:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/21/23 | V. Argeroplos | 0.1 | 69.50 | Correspondence with J. Michalik regarding hearing on putative class lift stay motion. |
| **Total Relief from Stay/Adequate Protection Proceedings** | | **0.1** | **$ 69.50** | |

**Meetings of and Communications with Creditors:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/24/23 | J. Wertz | 0.1 | 80.00 | Review inquiry from M. Wright concerning case status. |
| 05/24/23 | J. Wertz | 0.1 | 80.00 | Review correspondence from US Attorneys' Office of Vermont with respect to receipt of notices. |
| 05/24/23 | V. Argeroplos | 0.2 | 139.00 | Respond to creditor inquiries regarding case filing. |
| 05/30/23 | J. Wertz | 0.4 | 320.00 | Correspondence with S. Lieb concerning request for notices (.2); correspond with Epiq with respect to same (.2). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/30/23 | J. Wertz | 0.2 | 160.00 | Correspondence concerning inquiry from Fristch re receipt of notices. |
| 05/30/23 | L. Butler | 0.1 | 47.50 | Correspond with R. Foth regarding debtor entity identity. |
| 06/05/23 | J. Wertz | 0.9 | 720.00 | Review correspondence forwarded by H. Duran from shareholder requesting formation of equity committee (.6); correspond with H. Duran concerning same (.2); correspond with KE team with respect to UST request for response to correspondence from debtors (.1). |
| 06/09/23 | J. Wertz | 1.2 | 960.00 | Review draft response to UST request for debtors' response to request to appoint an equity committee (1.1); correspond with H. Duran and J. Whitworth concerning same (.1). |
| 06/13/23 | J. Wertz | 0.2 | 160.00 | Correspondence with H. Duran concerning request to appoint equity committee. |
| 06/14/23 | J. Wertz | 0.3 | 240.00 | Correspondence with KE team and H. Duran concerning sharing of debtors' response to request for equity committee formation. |
| 06/15/23 | J. Wertz | 0.3 | 240.00 | Correspond with J. Michalik concerning UST timing on request for appointment of equity committee. |
| 06/16/23 | J. Wertz | 0.3 | 240.00 | Correspondence with J. Michalik concerning status of request for appointment of equity committee consideration by UST. |
| 06/29/23 | J. Wertz | 0.3 | 240.00 | Review correspondence received from Amazon Web Services with respect to amounts owed (.2); correspond with KE team with respect to same (.1). |
| 07/05/23 | V. Argeroplos | 0.1 | 69.50 | Correspondence with M. Dawson regarding service to DOJ addresses. |
| 07/11/23 | J. Wertz | 0.1 | 80.00 | Correspondence with S. Thiele concerning removal from noticing list. |
| 07/19/23 | J. Wertz | 0.2 | 160.00 | Review correspondence from RXO concerning claim inquiry. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/24/23 | J. Wertz | 0.2 | 160.00 | Correspond with Epiq team with respect to inquiry from T. Jackson re basis for receipt of notices. |
| Total Meetings of and Communications with Creditors | | 5.2 | $ 4,096.00 | |

**Fee/Employment Applications:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/27/23 | D. Trevino | 0.5 | 120.00 | Draft JW retention application. |
| 05/29/23 | V. Argeroplos | 0.4 | 278.00 | Revise JW retention application. |
| 05/29/23 | K. Gradney | 0.9 | 225.00 | Update Jackson Walker retention application. |
| 05/29/23 | D. Trevino | 0.3 | 72.00 | Further edits to the JW retention application. |
| 05/30/23 | J. Wertz | 0.2 | 160.00 | Coordinate filing of retention applications with Kirkland team. |
| 05/30/23 | D. Trevino | 0.1 | 24.00 | Communicate with team regarding the PII list for retention application. |
| 05/31/23 | V. Argeroplos | 0.5 | 347.50 | Phone call with A. Rosenblatt regarding Deloitte retention (.3); correspondence with Kirkland team regarding issues raised on call (.2). |
| 06/02/23 | J. Wertz | 1.4 | 1,120.00 | Review and provide comments to draft A&M retention application and proposed order. |
| 06/02/23 | D. Trevino | 0.5 | 120.00 | Communicate with J. Wertz regarding the JW retention application. |
| 06/02/23 | D. Trevino | 0.1 | 24.00 | Create comparison document for the A&M retention application. |
| 06/03/23 | J. Wertz | 3.2 | 2,560.00 | Prepare retention application for Jackson Walker including preparation of schedules in support of declaration of M. Cavenaugh in support of same. |
| 06/06/23 | J. Wertz | 1.3 | 1,040.00 | Review and suggest revisions to draft application to retain Moelis as investment banker for compliance with local rules and customs (1.2); correspond with KE team with respect to same (.1). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/06/23 | J. Wertz | 1.5 | 1,200.00 | Review and suggest revisions to draft application to retain Pricewaterhousecoopers for compliance with local rules and customs (1.4); correspond with KE team with respect to same (.1). |
| 06/06/23 | D. Trevino | 1.6 | 384.00 | Continued draft for the JW retention application. |
| 06/07/23 | D. Trevino | 4.0 | 960.00 | Continue to prepare draft of JW retention application, inlcuding schedules thereto. |
| 06/08/23 | D. Trevino | 1.0 | 240.00 | Further edits to JW retention application. |
| 06/12/23 | J. Wertz | 2.2 | 1,760.00 | Revisions to draft application for retention, including schedules and M. Cavenaugh declaration in support of same following update from D. Trevino. |
| 06/12/23 | K. Gradney | 0.2 | 50.00 | Update Jackson Walker retention application (.1); correspond with J Wertz regarding same (.1). |
| 06/12/23 | D. Trevino | 0.8 | 192.00 | Further edits to the JW retention application. |
| 06/13/23 | J. Wertz | 1.2 | 960.00 | Review and suggest revisions to draft application to retain Katten, declarations in support, and proposed order. |
| 06/13/23 | J. Wertz | 1.3 | 1,040.00 | Further revisions to draft application to retain Jackson Walker (.9); correspond with M. Cavenaugh concerning same (.2); review KE comments to same (.2). |
| 06/14/23 | J. Wertz | 2.1 | 1,680.00 | Further revisions to Jackson Walker retention application (1.8); correspond with KE concerning redaction of individual names in schedules to retention applications (.3). |
| 06/14/23 | J. Wertz | 0.9 | 720.00 | Review draft application to retain Kirkland Ellis and proposed order granting same to suggest revisions for compliance with local customs and rules. |
| 06/14/23 | J. Wertz | 0.7 | 560.00 | Review of application to retain Katten as special counsel for compliance with local rules, including review of proposed order, prior to filing same. |
| 06/14/23 | J. Wertz | 1.1 | 880.00 | Review of application to retain Moelis and proposed order prior to filing same. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/14/23 | J. Wertz | 1.2 | 960.00 | Redactions to schedules to Jackson Walker retention application. |
| 06/14/23 | V. Argeroplos | 0.6 | 417.00 | Provide comments to Katten retention application. |
| 06/14/23 | V. Argeroplos | 3.0 | 2,085.00 | Review and revise retention applications for filing. |
| 06/14/23 | L. Butler | 2.6 | 1,235.00 | Finalize and confirm redaction of retention application. |
| 06/15/23 | J. Wertz | 0.2 | 160.00 | Correspondence with L. Wasserman concerning PwC retention application. |
| 06/16/23 | J. Wertz | 0.2 | 160.00 | Correspondence with L. Wasserman concerning PwC retention application. |
| 06/16/23 | V. Argeroplos | 0.3 | 208.50 | Finalize PwC retention application for filing. |
| 06/29/23 | J. Wertz | 0.5 | 400.00 | Review UST comments to retention application for A&M (.4); correspond with KE team with respect to same (.1). |
| 06/29/23 | J. Wertz | 0.2 | 160.00 | Review UST comments to retention application for K&E. |
| 06/29/23 | J. Wertz | 0.2 | 160.00 | Correspond with UST team with respect to JW retention application. |
| 06/30/23 | J. Wertz | 0.3 | 240.00 | Review UST comments on retention application for PwC. |
| 06/30/23 | J. Wertz | 0.2 | 160.00 | Review UST comments on Katten retention application. |
| 07/05/23 | J. Wertz | 0.2 | 160.00 | Correspondence with R. Muhlstock concerning PwC retention application. |
| 07/10/23 | J. Wertz | 0.2 | 160.00 | Review correspondence re UST comments to PwC application to retain. |
| 07/10/23 | J. Wertz | 0.3 | 240.00 | Review responses to PwC application to employ comments from UST. |
| 07/10/23 | V. Argeroplos | 0.2 | 139.00 | Review professionals' comments to retention proposed revisions (.1); correspondence with J. Whitworth regarding same (.1). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/10/23 | V. Argeroplos | 0.1 | 69.50 | Confirm status of UST comments to retention applications. |
| 07/11/23 | J. Wertz | 0.3 | 240.00 | Review draft certificate of no objection to JW retention application (.2) correspond with JW team with respect to same (.1). |
| 07/11/23 | W. Farmer | 1.1 | 588.50 | Prepare CNOs for various professional retention applications. |
| 07/12/23 | W. Farmer | 0.1 | 53.50 | Finalize CNO for JW retention application for filing. |
| 07/14/23 | W. Farmer | 1.0 | 535.00 | Review Moelis retention application and related comments (.6); correspond with UST and K&E re same (.4). |
| 07/17/23 | J. Wertz | 0.2 | 160.00 | Review correspondence from L. Wasserman with respect to Moelis retention application. |
| 07/17/23 | V. Argeroplos | 0.7 | 486.50 | Provide comments to Deloitte retention application. |
| 07/17/23 | W. Farmer | 0.5 | 267.50 | Correspondence with UST and K&E re Moelis retention application. |
| 07/18/23 | J. Wertz | 0.4 | 320.00 | Review multiple correspondences with respect to Moelis retention certificate of counsel. |
| 07/18/23 | J. Wertz | 0.3 | 240.00 | Correspondence re Deloitte and retention process. |
| 07/18/23 | V. Argeroplos | 0.6 | 417.00 | Review late-filed retention applications in prior cases (.3); discuss internally with team (.2); phone call with L. Wasserman regarding Deloitte retention (.1). |
| 07/18/23 | V. Argeroplos | 0.5 | 347.50 | Revise Katten certificate of counsel (.2); correspondence with L. Wasserman regarding same (.1); review Kirkland retention certificate of counsel (.1) and Serajeddini supplemental declaration (.1) for filing. |
| 07/18/23 | V. Argeroplos | 0.4 | 278.00 | Review certificate of counsel on Moelis retention for filing (.1); correspondence with J. Whitworth regarding A&M order (.1); review A&M certificate of counsel for filing (.1); correspondence with R. Muhlstock regarding same (.1). |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 07/18/23 | W. Farmer | 2.2 | 1,177.00 | Review retention applications and correspondence re same (1.2); draft agenda for confirmation hearing (.8); prepare COC/CNOs for various retention applications (.2) |
| 07/18/23 | D. Trevino | 0.2 | 48.00 | Review and prepare for filing the COC for the Katten retention application. |
| 07/19/23 | V. Argeroplos | 0.2 | 139.00 | Correspondence with J. Whitworth regarding A&M retention order (.1); finalize certificate of counsel on same for filing (.1). |
| 07/20/23 | J. Wertz | 0.4 | 320.00 | Review correspondence related to scope of work performed by Deloitte to assess approach to retention. |
| 07/20/23 | V. Argeroplos | 0.4 | 278.00 | Review Deloitte engagement letter (.2); correspondence with L. Wasserman regarding recommendation (.2). |
| 07/20/23 | V. Argeroplos | 0.3 | 208.50 | Call with PwC and UST regarding retention issues. |
| 07/20/23 | W. Farmer | 0.4 | 214.00 | Participate in call with UST regarding PwC retention application. |
| 07/24/23 | J. Wertz | 0.2 | 160.00 | Review correspondence concerning necessity for filing retention application for Deloitte based upon workstream. |
| 07/25/23 | J. Wertz | 0.2 | 160.00 | Review correspondence from L. Wasserman concerning Deloitte retention application. |
| 07/25/23 | V. Argeroplos | 2.0 | 1,390.00 | Correspondence with L. Wasserman regarding Deloitte retention application (.2); revise updated application (1.3); provide comments to updated declaration (.5). |
| Total Fee/Employment Applications | | 51.1 | $ 31,858.50 | |

**Business Operations:**

| | | | | |
|---|---|---|---|---|
| 05/16/23 | V. Argeroplos | 0.5 | 347.50 | Revise cash management proposed orders for filing (.1); correspondence with Kirkland team (.1) and H. Duran (.1) regarding cash management order changes; finalize cash management order and redline for filing (.2). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/18/23 | J. Wertz | 0.2 | 160.00 | Correspondence concerning surety bonds with FDIC. |
| 06/20/23 | J. Wertz | 0.5 | 400.00 | Review of proposed certificate of no objection on cash management order prior to filing of same (.3); correspond with KE team concerning whether any outstanding objections exist or any informal responses were received (.2). |
| 06/20/23 | D. Trevino | 0.2 | 48.00 | Compile and prepare for filing the cash management CNO. |
| 06/22/23 | J. Wertz | 0.4 | 320.00 | Correspondence with KE team concerning status of certificate of no objection on cash management motion and relationship with milestone (.2); coordinate requesting entry of same (.2). |
| 06/23/23 | V. Argeroplos | 0.2 | 139.00 | Correspondence with A. Surinak (.1) and H. Duran (.1) regarding 345(b) compliance. |
| 06/26/23 | V. Argeroplos | 0.2 | 139.00 | Correspondence with H. Duran (.1) and Kirkland team (.1) regarding cash management issues and reports. |
| 06/27/23 | J. Wertz | 0.4 | 320.00 | Correspond with H. Duran concerning outstanding cash management issues and creditors' meeting (.2); correspond with KE team with respect to same (.2). |
| 07/03/23 | J. Wertz | 0.6 | 480.00 | Review cash management BMO accounts stipulation prior to filing same (.5); and coordinate filing of same (.1) |
| 07/03/23 | D. Trevino | 0.3 | 72.00 | Review and prepare for filing cash management stipulation. |
| 07/18/23 | J. Wertz | 0.2 | 160.00 | Correspond with D. Fletcher concerning RXO Logistics request for critical vendor treatment. |
| Total Business Operations | | 3.7 | $ 2,585.50 | |

**Employee Benefits/Pensions:**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/16/23 | V. Argeroplos | 0.1 | 69.50 | Review notice of severance payments for filing. |
| 05/16/23 | D. Trevino | 0.2 | 48.00 | Review and prepare for filing the Notice of Severance Payments following first day hearing. |

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/17/23 | V. Argeroplos | 0.1 | 69.50 | Correspondence with H. Duran regarding employee severance payments. |
| 06/05/23 | J. Wertz | 0.7 | 560.00 | Review and comment on draft notice of severance payments above cap (.5); correspond with KE team with respect to same (.2). |
| 06/05/23 | K. Gradney | 0.1 | 25.00 | Prepare for filing notice of severance to exception employees. |
| 06/26/23 | J. Wertz | 0.4 | 320.00 | Review draft notice of severance payments above cap prior to filing same. |
| 06/26/23 | D. Trevino | 0.2 | 48.00 | Review and prepare for filing the Notice of Unpaid Severance to Exception Employees (.1); coordinate service (.1). |
| 06/27/23 | J. Wertz | 0.4 | 320.00 | Correspond with H. Duran to provide requested additional information concerning proposed severance payments (.2); correspond with KE team with respect to same (.2). |
| Total Employee Benefits/Pensions | | 2.2 | $ 1,460.00 | |

**Financing/Cash Collections:**

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/15/23 | J. Wertz | 0.3 | 240.00 | Telephone conference with H. Duran concerning status of filing of DIP motion. |
| 05/15/23 | J. Wertz | 0.2 | 160.00 | Correspondence with KE team concerning transmission of current draft DIP motion and interim order to UST. |
| 05/15/23 | J. Wertz | 0.6 | 480.00 | Review email correspondence from J. Young concerning assertions by Kronos Louisiana (.2); participate in call with Locke Lorde and KE teams with respect to same  and request for reservation of rights language in DIP order (.4). |
| 05/16/23 | J. Wertz | 0.2 | 160.00 | Correspondence with KE team with respect to revised DIP proposed order/redline of same and credit agreement. |
| 05/16/23 | J. Wertz | 0.7 | 560.00 | Participate in discussion with H. Duran concerning comments to DIP motion (.3); review UST comments to DIP form of interim order (.4). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/16/23 | J. Wertz | 0.4 | 320.00 | Correspondence with J. Michalik concerning status of UST responses on DIP order. |
| 05/16/23 | J. Wertz | 1.3 | 1,040.00 | Review of DIP motion and proposed order prior to filing same (.9); coordinate service of same (.2); coordinate filing of amended version for order preference of court (.2). |
| 05/16/23 | V. Argeroplos | 0.7 | 486.50 | Correspondence with H. Duran regarding DIP motion (.2); correspondence with Kirkland team regarding same (.2); review (.1) conference call with H. Duran and Kirkland team regarding DIP order (.2). |
| 05/16/23 | V. Argeroplos | 0.2 | 139.00 | Review revised DIP order for filing. |
| 05/31/23 | V. Argeroplos | 0.1 | 69.50 | Review DIP syndication notice for filing. |
| 05/31/23 | D. Trevino | 0.1 | 24.00 | Review and prepare for filing the DIP Syndication notice. |
| 06/06/23 | L. Butler | 0.1 | 47.50 | Call M. Bentley regarding DIP agent contact information. |
| 06/08/23 | J. Wertz | 1.2 | 960.00 | Correspondence with KE team concerning witness and exhibit list for hearing on DIP motion (.5); prepare same and coordinate filing (.4); review list filed by crossholder group (.2); and correspond with KE team with respect to same (.1). |
| 06/09/23 | J. Wertz | 0.4 | 320.00 | Correspondence with N. Krisolv concerning updating of bank accounts for restyling as DIP accounts (.2); correspond with H. Duran concerning same (.2). |
| 06/09/23 | J. Wertz | 0.3 | 240.00 | Correspond with A. Surinak concerning availability of CNO procedure for final DIP hearing. |
| 06/12/23 | J. Wertz | 1.4 | 1,120.00 | Attendance at hearing on final entry of DIP order (.2); coordinate entry of appearances for DIP hearing (.2) coordinate filing of redlined version of DIP order with KE team and review of same prior to filing (.5); correspondence concerning updates to witness and exhibit list (.5). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/12/23 | V. Argeroplos | 0.2 | 139.00 | Provide comments to witness and exhibit list for DIP hearing (.1); correspondence with A. Surinak regarding same (.1). |
| 06/12/23 | K. Gradney | 0.1 | 25.00 | Attend final DIP hearing. |
| Total Financing/Cash Collections | | 8.5 | $ 6,530.50 | |

**Plan and Disclosure Statement (including Business Plan):**

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 05/14/23 | V. Argeroplos | 1.3 | 903.50 | Review plan (.6) and disclosure statement (.7) for filing. |
| 05/15/23 | J. Wertz | 0.4 | 320.00 | Review amended scheduling order prior to filing same (.3); correspondence with D. Trevino concerning same (.1). |
| 05/16/23 | J. Wertz | 0.5 | 400.00 | Coordinate obtaining confirmation of requested confirmation date and time. |
| 05/16/23 | J. Wertz | 0.6 | 480.00 | Review of revised proposed disclosure statement order prior to filing same (.4); correspond with KE team concerning same (.2). |
| 05/16/23 | J. Wertz | 0.6 | 480.00 | Correspond with KE team concerning approach to UST comments on revised plan and timing (.3); correspond with H. Duran and UST team with respect to same (.3). |
| 06/05/23 | J. Wertz | 0.3 | 240.00 | Correspondence with KE team concerning UST comments to plan (.2); correspond with H. Duran concerning same (.1). |
| 06/07/23 | J. Wertz | 0.2 | 160.00 | Correspondence with J. Michalik concerning UST comments to plan. |
| 06/08/23 | J. Wertz | 0.3 | 240.00 | Coordinate conference with H. Duran on UST comments to plan. |
| 06/08/23 | L. Butler | 0.2 | 95.00 | Correspond with UST and co-counsel regarding discussion on plan comments. |
| 06/09/23 | J. Stull | 0.3 | 229.50 | Participate in call with US Trustee and KE team re open plan issues. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/09/23 | J. Wertz | 0.4 | 320.00 | Telephone conference with UST concerning outstanding UST plan issues (.2); correspond with H. Duran with respect to extension of time to object to narrow same (.2). |
| 06/13/23 | J. Wertz | 0.6 | 480.00 | Review draft of plan supplement prior to filing same. |
| 06/19/23 | J. Wertz | 0.9 | 720.00 | Telephone conference with S. Sanders concerning approach to filing of amended financial projections originally attached as Exhibit C to disclosure statement (.2); prepare draft of notice cover sheet (.5); correspondence with KE team with respect to same (.2). |
| 06/19/23 | V. Argeroplos | 0.1 | 69.50 | Revise notice of updated financial projections exhibit. |
| 06/20/23 | J. Wertz | 0.6 | 480.00 | Review Huntsman Corp objection to confirmation of plan. |
| 06/20/23 | J. Wertz | 0.4 | 320.00 | Correspondence with respect to form of service of notice of revised financial projections. |
| 06/20/23 | J. Wertz | 0.2 | 160.00 | Coordinate filing of notice of revised financial projections to accompany disclosure statement. |
| 06/21/23 | J. Wertz | 1.1 | 880.00 | Review confirmation objection filed by J&T (.9) and correspondence related to same (.2) |
| 06/21/23 | J. Wertz | 0.4 | 320.00 | Correspond with J. Michalik concerning reply deadlines and process for requesting potential reset of confirmation hearing. |
| 06/21/23 | J. Wertz | 0.9 | 720.00 | Prepare initial draft of witness and exhibit list due June 22 for confirmation hearing (.6); correspond with KE team with respect to same (.3). |
| 06/22/23 | J. Wertz | 0.9 | 720.00 | Coordinate obtaining reset of confirmation hearing date (.3); correspond with KE team concerning same (.1); revise draft notice of reset of confirmation hearing (.3); correspond with H. Duran concerning plan to request reset (.2). |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 06/22/23 | J. Wertz | 1.5 | 1,200.00 | Review updated form of witness and exhibit list for confirmation hearing (.3); coordinate filing of same along with filing sealed version (.9); correspondence with KE team concerning same (.3). |
| 06/22/23 | J. Wertz | 1.2 | 960.00 | Revisions to draft motion to seal and proposed order prepared by W. Farmer for sealed exhibits for confirmation/disclosure statement hearing (1.0); correspond with KE team concerning same (.2). |
| 06/22/23 | V. Argeroplos | 1.0 | 695.00 | Correspondence with Kirkland team and UST regarding reset of confirmation hearing (.2); coordinate request to chambers regarding same (.1); assist in preparation of exhibits for filing (.4); revise witness and exhibit list for confirmation hearing (.3). |
| 06/22/23 | W. Farmer | 2.2 | 1,177.00 | Assist with preparation of witness and exhibit list for confirmation hearing. |
| 06/22/23 | D. Trevino | 1.5 | 360.00 | Compile and prepare for filing the public and redacted witness and exhibit list for confirmation hearing. |
| 06/23/23 | J. Wertz | 0.5 | 400.00 | Correspond with J. Michalik concerning sealing motions filed by J. Brookner regarding objection to confirmation. |
| 06/23/23 | J. Wertz | 0.8 | 640.00 | Review KE revisions to draft motion to seal exhibits for confirmation hearing prior to filing same. |
| 06/23/23 | J. Wertz | 0.4 | 320.00 | Coordinate filing of notice of reset for confirmation hearing. |
| 06/23/23 | D. Trevino | 0.2 | 48.00 | Compile and prepare for filing the motion to seal regarding the witness and exhibit list for confirmation. |
| 06/26/23 | J. Wertz | 0.3 | 240.00 | Review correspondence from UST with respect to inquiry related to severance payment filings and confirmation timeline. |
| 07/07/23 | J. Wertz | 0.5 | 400.00 | Review of notice of amended disclosure statement exhibits. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/07/23 | V. Argeroplos | 0.2 | 139.00 | Review amended disclosure statement exhibits notice for filing (.1); correspondence with A. Surinak regarding same (.1). |
| 07/07/23 | D. Trevino | 0.2 | 48.00 | Compile and prepare for filing Notice of Amended Exhibits to the Disclosure Statement (.1); coordinate service (.1). |
| 07/08/23 | J. Wertz | 0.5 | 400.00 | Correspondence with team re request for potential setting on motion for continuance of confirmation hearing (.3); correspond with KE with respect to same (.2). |
| 07/09/23 | J. Wertz | 1.0 | 800.00 | Review motion to continue confirmation hearing filed by J & T (.7); correspondence with M. Cavenaugh concerning same (.3). |
| 07/10/23 | J. Wertz | 0.9 | 720.00 | Review response to motion to continue confirmation hearing filed by J&T. |
| 07/10/23 | V. Argeroplos | 0.3 | 208.50 | Phone call and follow up correspondence with J. Michalik regarding confirmation hearing and Olshan motion. |
| 07/10/23 | V. Argeroplos | 0.3 | 208.50 | Review response to J&T motion to continue hearing (.2); correspondence with Kirkland team regarding same (.1). |
| 07/11/23 | V. Argeroplos | 0.3 | 208.50 | Phone call with J. Michalik regarding reset of confirmation hearing (.1); correspondence with R. Muhlstock regarding reset notice (.1); revise same for filing (.1). |
| 07/11/23 | D. Trevino | 0.2 | 48.00 | Review the recently filed certificate of service, calendar combined hearing dates. |
| 07/14/23 | M. Cavenaugh | 4.7 | 4,911.50 | Advise re 1142(b) issues. |
| 07/14/23 | J. Wertz | 0.5 | 400.00 | Review of voting report. |
| 07/14/23 | D. Trevino | 0.2 | 48.00 | Review and prepare for filing the voting declaration of Epiq (.1); coordinate service (.1). |
| 07/16/23 | J. Stull | 1.5 | 1,147.50 | Correspondence with JW team re confirmation issues (.2); review plan and confirmation order related to same (1.3). |
| 07/16/23 | J. Wertz | 0.9 | 720.00 | Review of proposed confirmation order confirming chapter 11 plan. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/16/23 | J. Wertz | 0.4 | 320.00 | Review plan supplement prior to filing same. |
| 07/16/23 | J. Wertz | 1.1 | 880.00 | Review updated proposed chapter 11 plan. |
| 07/16/23 | D. Trevino | 1.0 | 240.00 | Review and prepare for filing numerous pleadings related to disclosure statement hearing. |
| 07/17/23 | J. Stull | 2.0 | 1,530.00 | Research related to open plan and confirmation issues and correspondence with JW team related to same. |
| 07/17/23 | J. Wertz | 0.6 | 480.00 | Review of witness and exhibit list prior to filing same for confirmation hearing. |
| 07/17/23 | J. Wertz | 0.1 | 80.00 | Review witness and exhibit list filed by term lender group for plan confirmation hearing. |
| 07/17/23 | J. Wertz | 0.2 | 160.00 | Review witness and exhibit list filed by objecting shareholder for confirmation hearing. |
| 07/17/23 | J. Wertz | 0.3 | 240.00 | Participate in planning conference with KE team with respect to witness and exhibit list for confirmation hearings. |
| 07/17/23 | J. Wertz | 0.9 | 720.00 | Review and revise draft motion to seal certain exhibits to be used at confirmation hearing (.8); correspond with KE team with respect to same (.1). |
| 07/17/23 | J. Wertz | 0.4 | 320.00 | Participate in preparation session for confirmation hearing with respect to evidentiary presentation related to contested issues. |
| 07/17/23 | V. Argeroplos | 2.5 | 1,737.50 | Discuss confirmation exhibits with Kirkland team (.5); prepare witness and exhibit list for filing (.3); review exhibits for filing (.8); phone call with Z. Ewing regarding exhibits (.1); revise sealing motion (.5); correspondence with A. Surinak regarding same (.2); discuss upcoming hearing with J. Wertz (.1). |
| 07/17/23 | V. Argeroplos | 0.4 | 278.00 | Planning call with Kirkland team regarding confirmation hearing. |
| 07/17/23 | W. Farmer | 1.2 | 642.00 | Review motion to seal and accompanying W/E List for confirmation hearing. |
| 07/17/23 | D. Trevino | 1.2 | 288.00 | Compile and prepare for filing the witness and exhibit list for the confirmation hearing. |

| Date | Timekeeper | Hours | Amount | Description |
|------|-----------|-------|--------|-------------|
| 07/18/23 | J. Wertz | 0.9 | 720.00 | Review unredacted objection to confirmation filed by J&T as supplement to prior objection. |
| 07/18/23 | J. Wertz | 0.2 | 160.00 | Telephone conference with M. Slade concerning scheduling on confirmation hearing. |
| 07/18/23 | V. Argeroplos | 0.1 | 69.50 | Review draft agenda for confirmation hearing. |
| 07/19/23 | J. Wertz | 0.5 | 400.00 | Review and correspond with KE team with respect to demonstrative slides and filing of same. |
| 07/19/23 | J. Wertz | 1.1 | 880.00 | Review brief in support of confirmation of plan and final approval of disclosure statement. |
| 07/19/23 | J. Wertz | 0.4 | 320.00 | Correspond with KE team with respect to questions on direct examination in support of final approval of disclosure statement. |
| 07/19/23 | J. Wertz | 0.4 | 320.00 | Review draft agenda for confirmation hearing prior to filing of same. |
| 07/19/23 | J. Wertz | 0.2 | 160.00 | Coordinate entry of appearances prior to hearing on confirmation. |
| 07/19/23 | J. Wertz | 6.9 | 5,520.00 | Attend hearing on confirmation of plan. |
| 07/19/23 | V. Argeroplos | 2.3 | 1,598.50 | Review updated plan (.5), confirmation order (.8), and confirmation brief (.7) for filing; correspondence with Kirkland team regarding same (.3). |
| 07/19/23 | V. Argeroplos | 6.1 | 4,239.50 | Review updated confirmation order for filing (.2); correspondence with Kirkland team regarding hearing logistics (.5); review updated agenda for filing (.1); discuss Judge's comments with JW team and Kirkland team (.3); attend confirmation hearing (5.0). |
| 07/19/23 | W. Farmer | 7.3 | 3,905.50 | Review for filing proposed plan, confirmation order and confirmation brief (1.0); multiple correspondence with K&E and JW teams re same (1.5); attend contested confirmation hearing (4.8). |
| 07/19/23 | K. Gradney | 6.9 | 1,725.00 | Attend contested confirmation hearing. |

| **Date** | **Timekeeper** | **Hours** | **Amount** | **Description** |
|---|---|---|---|---|
| 07/19/23 | D. Trevino | 1.3 | 312.00 | Review and prepare for filing amended agenda and plan for confirmation hearing (.3) attend portion of confirmation hearing (1.0) |
| 07/20/23 | J. Wertz | 0.7 | 560.00 | Review of changed pages to proposed confirmation order (.5); correspond with KE team with respect to same (.2) |
| 07/21/23 | J. Wertz | 0.8 | 640.00 | Review updated proposed confirmation order prior to filing same (.6); coordinate filing of same (.2) |
| 07/21/23 | V. Argeroplos | 0.4 | 278.00 | Prepare confirmation order for filing (.3); correspondence with Kirkland team regarding same (.1). |
| 07/21/23 | W. Farmer | 0.3 | 160.50 | Review for filing revised confirmation order. |
| 07/24/23 | J. Wertz | 0.2 | 160.00 | Coordinate checking status of entry of confirmation order. |
| 07/25/23 | J. Wertz | 0.1 | 80.00 | Correspondence concerning status of entry of confirmation order. |
| Total Plan and Disclosure Statement (including Business Plan) | | 82.4 | $ 55,309.00 | |

## EXHIBIT 3

### Summary of Expenses for Application Period

| Expense Category | Total Amount for Application Period |
|---|---|
| Airfare | $688.97 |
| Business Meals | $1,400.35 |
| Hotel | $1,263.95 |
| Parking | $304.88 |
| Staff Overtime | $154.00 |
| Taxi | $143.67 |
| Travel Expense | $246.29 |
| Hearing Transcript | $296.45 |
| Hearing Transcript | $48.40 |
| Veritext | $48.40 |
| USB Drive | $4.17 |
| Hearing Transcript | $1,458.05 |
| **TOTAL** | **$6,009.18** |

**EXHIBIT 4**

**Customary and Comparable Compensation Disclosure with Fee Applications**

| Category of Timekeeper | BLENDED HOURLY RATE | |
|---|---|---|
| | Billed<br>[By JW for 2022 Year,<br>Excluding Bankruptcy] | Billed<br>[In this Fee Application] |
| Equity Partner/Shareholder | $754.00 | $1,045.00 |
| Non-Equity Partner/Shareholder | $656.00 | $771.67 |
| Associate [All Ranges] | $479.00 | $560.00 |
| Paraprofessional | $278.00 | $245.00 |
| **All Timekeepers Aggregated:** | **$586.00** | **$609.00** |

Case Name: Venator Materials PLC, et al.

Case Number:  23-90301

Applicant's Name:  Jackson Walker LLP

Date of Application: September 22, 2023

Interim or Final:  Final

## EXHIBIT 5
## Summary of Timekeepers Included in this Fee Application

| Name | Title or Position | Department, Group, or Section | Date of First Admission | Fees Billed in this Application | Hours Billed in this Application | Hourly Rate Billed in this Application | Hourly Rate Billed in First Interim Application | Number of Rate Increases Since Case Inception |
|---|---|---|---|---|---|---|---|---|
| Matthew D. Cavenaugh | Partner | Bankruptcy | 5/2/2008 | $4,911.50 | 4.7 | $1,045.00 | N/A | N/A |
| Jennifer F. Wertz | Partner | Bankruptcy | 11/4/2011 | $73,440.00 | 91.8 | $800.00 | N/A | N/A |
| J. Machir Stull | Partner | Bankruptcy | 11/6/2009 | $2,907.00 | 3.8 | $765.00 | N/A | N/A |
| Veronica A. Polnick | Partner | Bankruptcy | 11/4/2011 | $750.00 | 1.0 | $750.00 | N/A | N/A |
| Victoria Argeroplos | Associate | Bankruptcy | 11/3/2017 | $28,634.00 | 41.2 | $695.00 | N/A | N/A |
| Will T. Farmer | Associate | Finance | 12/10/2021 | $9,523.00 | 17.8 | $535.00 | N/A | N/A |
| Courtney L. Cameron | Associate | Corporate | 11/18/2021 | $588.50 | 1.1 | $535.00 | N/A | N/A |
| Beau H. Butler | Associate | Bankruptcy | 10/31/2022 | $1,662.50 | 3.5 | $475.00 | N/A | N/A |
| Kendra Gradney | Legal Assistant | Bankruptcy | N/A | $2,725.00 | 10.9 | $250.00 | N/A | N/A |
| Daniela Trevino | Legal Assistant | Bankruptcy | N/A | $4,656.00 | 19.4 | $240.00 | N/A | N/A |
| **Total** | | | | **$129,797.50** | **195.2** | | | |

Case Name: Venator Materials PLC, et al.
Case Number: 23-90301
Applicant's Name:  Jackson Walker LLP
Date of Application: September 22, 2023
Interim or Final: Final

## EXHIBIT 6
## Summary of Compensation Requested by Project Category

| Matter Number | Matter Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|---|
| B110 | Case Administration | | | 32.0 | $20,502.50 |
| B115 | Reporting | | | 10.0 | $7,386.00 |
| B120 | Asset Analysis and Recovery | | | | |
| B130 | Asset Disposition | | | | |
| B140 | Relief from Stay and Adequate Protection | | | 0.1 | $69.50 |
| B150 | Meeting and Communications with Creditors | | | 5.2 | $4,096.00 |
| B160 | Employment and Fee Applications | | | 51.1 | $31,858.50 |
| B170 | Employment and Fee Application Objections | | | | |
| B180 | Avoidance Action Analysis | | | | |
| B185 | Assumption and Rejection of Leases and Contracts | | | | |
| B195 | Non-Working Travel | | | | |
| B210 | Business Operations | | | 3.7 | $2,585.50 |
| B220 | Employee Benefits and Pensions | | | 2.2 | $1,460.00 |
| B230 | Financing and Cash Collateral | | | 8.5 | $6,530.50 |
| B240 | Tax | | | | |
| B250 | Real Estate | | | | |
| B255 | Valuation | | | | |
| B260 | Corporate Governance and Board Matters | | | | |
| B310 | Claims Administration and Objections | | | | |
| B320 | Plan and Disclosure Statement | | | 82.4 | $55,309.00 |
| | Budgeting (Case) | | | | |
| | Litigation: Contested Matters and Adversary Proceedings (not otherwise within a specific project category) - identify each separately by caption and adversary number, or title of motion or application and docket number) | | | | |
| | **Total** | | | **195.2** | **$129,797.50** |

Case Name:  Venator Materials PLC, et al.
Case Number:  23-90301
Applicant's Name:  Jackson Walker LLP
Date of Application: September 22, 2023
Interim or Final:  Final